REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 677

September Term, 2013

_____


DARLENE WHITE

v.

REGISTER OF WILLS OF
ANNE ARUNDEL COUNTY, MARYLAND

_____


Graeff,
Berger,
Arthur,

JJ.

_____


Opinion by Arthur, J.

_____


Filed: May 1, 2014

This case concerns whether appellant Darlene White, the former Chief Deputy Register of Wills for Anne Arundel County, was an employee of the executive branch or of the judicial branch. If Ms. White was an executive branch employee, she can bring a whistleblower complaint under the Maryland Whistleblower Law, Md. Code (1993, 2009 Repl. Vol.) § 5-305 of the State Personnel and Pensions Article; if she was a judicial branch employee, she cannot.

The Department of Budget and Management, the Office of Administrative Hearings, and the Circuit Court for Anne Arundel County concluded that Ms. White was a judicial branch employee and, thus, was not permitted to bring a whistleblower complaint. We agree and, therefore, affirm.

## FACTUAL AND PROCEDURAL HISTORY

This appeal stems from Ms. White's termination as Chief Deputy Register of Wills for Anne Arundel County on January 31, 2012. Ms. White contends that she was terminated in retaliation for a complaint that she filed against her former boss, the Register of Wills for Anne Arundel County, with the Department of Budget and Management ("DBM") on December 19, 2011. She seeks protection under the Maryland Whistleblower Law, Md. Code (1993, 2009 Repl. Vol.) § 5-305 of the State Personnel and Pensions Article.

Before her termination, Ms. White called the DBM to inquire about whether the Maryland Whistleblower Law, Md. Code (1993, 2009 Repl. Vol.) § 5-305 of the State Personnel and Pensions Article, would protect her from reprisals if she filed a complaint.

According to Ms. White, an employee of DBM told her that she would be protected because her position as Chief Deputy Register of Wills made her an executive branch employee. She claims that, in reliance on that advice, she filed a whistleblower complaint under Md. Code (1993, 2009 Repl. Vol.) § 5-305 of the State Personnel and Pensions Article with DBM.

After Ms. White was terminated, DBM dismissed her complaint for lack of jurisdiction, reasoning that Ms. White was a judicial branch employee, but that the whistleblower statute applied only to executive branch employees.[1] Ms. White appealed to the Office of Administrative Hearings ("OAH"), which affirmed that DBM did not have jurisdiction over the complaint because Ms. White was a judicial branch employee.

As stated above, Ms. White filed a petition for judicial review in the Circuit Court for Anne Arundel County. The circuit court affirmed OAH's dismissal, and Ms. White noted a timely appeal.

## QUESTION PRESENTED

Ms. White presents a single question for our review:

> Is the Office of Administrative Hearings' finding that Ms. White was not an executive branch employee capable of filing a whistleblower complaint under Maryland Whistleblower Law, and was instead a judicial branch employee, supported by substantial evidence and legally correct?

For the reasons that follow, we answer yes and affirm.

---

[1] Md. Code (1993, 2009 Repl. Vol.) § 5-301 of the State Personnel and Pensions Article provides that the statute applies only to executive branch employees.

DISCUSSION

Ms. White argues that OAH erred when it concluded that she was an employee of the judicial branch, not the executive branch, and thus, not permitted to file a whistleblower action under Md. Code (1993, 2009 Repl. Vol.) § 5-305 of the State Personnel and Pensions Article. We disagree.

In reviewing an administrative agency's decision, we pass over the circuit court decision, and we examine the administrative decision using the same standard as the circuit court. *Motor Vehicle Admin. v. Shea*, 415 Md. 1, 15 (2010). The Court's role "is limited to determining if there is substantial evidence in the record as a whole to support the agency's findings and conclusions, and to determine if the administrative decision is premised upon an erroneous conclusion of law." *United Parcel Service, Inc. v. People's Counsel for Baltimore County*, 336 Md. 569, 577 (1994).

At the outset, we note that the Office of the Register of Wills itself is indisputably part of the judicial branch. The Office of the Register of Wills was created by Article IV of Maryland's Constitution (Md. CONST. art. IV, § 41), the article that creates and empowers the judicial branch. Moreover, the Register of Wills functions as the clerk of the orphans' court (Dan Friedman, *The Maryland State Constitution* 251 (G. Tarr ed. 2011)), by, for example, receiving, filing, and storing papers and records, keeping the docket, making out and issuing summonses and orders, issuing and certifying copies of the proceedings in the court, making entries of court proceedings, auditing accounts, etc.

3

*See generally* Md. Code (1974, 2011 Repl. Vol.) § 2-208(c)-(k) of the Estates and Trusts Article. Thus, the only question is whether Ms. White, in her role as the Chief Deputy of the Register of Wills, is considered part of the judicial branch as well.

At first glance, it would appear that if the Register of Wills is part of the judiciary, then the Chief Deputy of the Register of Wills must also be part of the judiciary. Ms. White, however, points to several statutes that give the Comptroller some control over the staff of the Register of Wills. Because the Comptroller is part of the executive branch (MD. CONST. art. II, § 18), Ms. White argues that the staff of the Register of Wills must also be part of the executive branch.

In support of her contention, Ms. White specifically cites Md. Code (1997, Repl. Vol. 2009), § 4-108(a) and (c) of the State Government Article, which allow the Comptroller to set "the number and compensation of assistant clerks or deputies employed by each register of wills" and to increase the salary of the staff in the offices of the registers of wills "commensurate with the increases granted to State employees generally." She also cites Md. Code (1974, 2011 Repl. Vol.) § 2-208(b) of the Estates and Trusts Article, which gives the Comptroller the power to approve the appointments and compensation of deputies and clerks (after they have been appointed by the Register of Wills). On the basis of these enactments, Ms. White argues that the Comptroller's powers over the staff of the Register of Wills are sufficient to convert what would otherwise be a judicial branch position into an executive branch position. In our view,

4

Ms. White overstates the importance of these statutes.

When we interpret statutes, we begin by examining the "normal, plain meaning of the language of the statute." *Doe v. Montgomery Cnty. Bd. of Elections*, 406 Md. 697, 712 (2008). We think that the plain language here shows that the Comptroller's authority is limited in its reach.

The statutes give the Comptroller no explicit control over the core actions and operations of the deputies and clerks in the Office of the Register of Wills. In particular, the statutes do not empower the Comptroller to supervise the deputies and clerks or to decide whether to hire or fire them. To the contrary, the Register of Wills has the statutory power to appoint deputies and clerks. Md. Code (1974, 2011 Repl. Vol.) § 2-208(b) of the Estates and Trusts Article. The Comptroller simply serves as a fiscal watchdog, determining the number of deputies and clerks and approving their appointments and compensation.

It makes perfect sense for the Comptroller to serve in that role. The salaries and expenses of the Office of the Register of Wills are paid from the fees and receipts of the office (Md. Code (1974, 2011 Repl. Vol.) § 2-205(d) of the Estates and Trusts Article), after which the excess goes to the State's General Fund. MD. CONST. art. XV, § 1. Moreover, if the Office of the Register of Wills does not have sufficient funds to pay its salaries and expenses, the deficiency is funded from the taxes that the Register remits to the Comptroller during that fiscal year. Md. Code (1974, 2011 Repl. Vol.) § 2-205(e). In

these circumstances, the State has an obvious economic interest in ensuring that the Register of Wills does not appoint unnecessary deputies or clerks and does not overpay the deputies and clerks whom she has appointed. In setting the number and compensation of the deputies and clerks and approving their appointments and compensation, the Comptroller protects the State's economic interest.[2]

Not only do basic canons of statutory interpretation favor the conclusion that Ms. White is a judicial employee, but administrative deference favors it as well. We recognize that "an administrative agency's interpretation and application of the statute" that the agency administers should be given "considerable weight" by reviewing courts. *Bowen v. City of Annapolis*, 402 Md. 587, 612 (2007). Here, DBM, the agency responsible for overseeing the Whistleblower Act, did not think the Act applied to Ms. White. Thus, we should accord DBM's view substantial weight. Moreover, DBM has acted consistently with this view because it never classified Ms. White as an employee of the executive branch.

Even if we credited the argument that the Comptroller's statutory powers could transform the staff of the Register of Wills into executive branch employees, that would

---

[2] Before 1990, the Comptroller had similar authority over the compensation of the clerks of the circuit courts. *See* 69 Op. of the Att'y Gen'l 57 (1984). In discussing that authority, this Court stated that its "'manifest purpose'" was "'to prevent the wrongful absorption of the receipts of the office by excessive salaries on the one hand, and to secure the services of competent persons by the assurance on the other hand of just and reasonable compensation.'" *Chester v. State*, 32 Md. App. 593, 609 (1975), *cert. denied*, 278 Md. 718 (1976) (quoting *State, Use of Smith v. Turner*, 101 Md. 584, 590 (1905)).

6

not help Ms. White, because the Chief Deputy of the Register of Wills is not a mere clerk or deputy. By statute, the Chief Deputy can act in place of the Register of Wills, and all actions taken by the Chief Deputy while substituting for the Register of Wills have "the force and effect as if performed by the register." Md. Code (1974, 2011 Repl. Vol.) § 2-208 of the Estates and Trusts Article. For that reason, the Chief Deputy acts as the Register of Wills's alter ego, and she should be classified in the same way as the Register of Wills herself. *See Rucker v. Harford Cnty*., 316 Md. 275, 281 (1989) (holding that because a deputy sheriff functions as the alter ego of the sheriff, and exercises the same authority, deputy sheriffs are classified the same way as sheriffs as employees of Maryland). Given that the Register of Wills is a judicial employee, it follows that the Chief Deputy will be classified that way as well.

Having rejected Ms. White's argument that statutory interpretation favors her classification as an executive branch employee, we turn next to her other main argument,[3] concerning whether her classification as a judiciary employee would raise a separation of powers concern. We hold that it does not.

---

[3] Although Ms. White makes several other arguments as to why she should be considered an executive branch employee, her arguments make unwarranted inferences and are ultimately grounded in the issues of statutory interpretation that we have already discussed. For instance, Ms. White cites a letter that she received from former Chief Judge Robert M. Bell in response to an inquiry that she sent to him. Contrary to Ms. White's characterization, the letter did not state that she was a judicial employee. Instead, it stated that the Chief Judge could not offer an advisory opinion as to how Ms. White was classified. The Chief Judge then merely reiterated the plain language of the statute that gives the Comptroller administrative oversight over the staff of the Register of Wills.

7

Article 8 of the Maryland Declaration of Rights states that "[t]he Legislative, Executive and Judicial powers of Government ought to be forever separate and distinct from each other; and no person exercising the functions of one of said Departments shall assume or discharge the duties of any other." Ms. White argues for a literal reading of this provision, under which an employee from one branch of government could not have any degree of control over an employee from another branch. In her view, therefore, the Comptroller, as part of the executive branch, could not exercise any control over the staff of the Register of Wills, unless the staff members were also executive branch employees.

Prior Maryland cases have, however, shown that a strict reading of the separation of powers doctrine is inappropriate. *See Baltimore v. State*, 15 Md. 376, 457 (1860) (stating that "[t]he words of [Article 8] appear to be plain enough, but they have not been accepted in their literal sense"); *see also McCulloch v. Glendening*, 347 Md. 272, 283 (1997) (stating that "the doctrine has never been rigidly applied"); *Dep't of Natural Res. v. Linchester Sand & Gravel Co.*, 274 Md. 211, 220 (1975) (stating that the separation of powers doctrine encompasses "a sensible degree of elasticity"); Dan Friedman, *The Maryland State Constitution*, *supra*, 34 (stating that "Maryland courts have never interpreted Article 8 in an unqualified fashion").

Moreover, the Court of Appeals has held that the main purpose of the separation of powers clause is to prevent one branch of government from usurping the essential functions and powers of another branch. *See Shell Oil Co. v. Supervisor of Assessments*

8

*of Prince George's Cnty.*, 276 Md. 36, 46 (1975) (stating that courts cannot perform "non-judicial functions" and that administrative agencies cannot perform "judicial functions"); *accord O'Hara v. Kovens*, 92 Md. App. 9, 22-23, *cert. denied*, 328 Md. 93 (1992) (stating that "the separation of powers doctrine preserves to the one branch of government its *essential* functions and prohibits any other branch from interfering with or usurping those functions") (emphasis in original).

Here, the Comptroller does not perform any core or essential judicial functions, such as rendering final judgments that adjudicate a party's rights (Dan Friedman, *The Maryland State Constitution*, *supra*, 35; *see Shell*, 276 Md. at 46) or even hiring, firing, or supervising court clerks. Instead, in furtherance of the State's fiscal interest in the efficient operation of the Register of Wills' office, the Comptroller merely maintains some administrative control over the size and compensation of the Register's staff. This is no more of an encroachment on a core judicial function than is legislation establishing minimum standards for bar admission, which has been upheld. *See* Dan Friedman, *The Maryland State Constitution*, *supra*, 35 & n. 52-53 citing *Attorney General v. Waldron*, 289 Md. 683 (1981)).

On the other hand, a serious separation of powers issue would arise if Ms. White, as Chief Deputy, were an executive branch employee. As previously stated, there is no dispute that the Register of Wills herself is a judicial officer. Yet, under Md. Code (1974, 2011 Repl. Vol.) § 2-208(b) of the Estates and Trusts Article, Ms. White, as Chief

9

Deputy, had the "power and authority to act in the place of the register." In addition, "every act" that Ms. White performed when acting as the Register of Wills had "the force and effect as if performed by the register" herself. *Id.* Under Ms. White's view, therefore, not only would an executive branch employee have the "power and authority to act in place" of a judicial officer, but the actions of that executive branch employee would have "the force and effect" of those of the judicial officer herself. In view of our obligation to avoid an interpretation that would raise the serious constitutional objections that Ms. White's interpretation raises, we reject her contention that she is an executive branch employee.

In summary, we conclude that OAH did not err in finding that Ms. White was a judicial branch employee and that she does not, therefore, have the protections of the Whistleblower Act. We affirm.

**JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**